IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DEBRA EDMONDSON MARTENS                                              PLAINTIFF

V.                                NO. 14-5228

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration            DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Debra Edmondson Martens, brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  See 42 U.S.C. §405(g).

**I.      Procedural Background:**

Plaintiff filed her current applications for DIB and SSI in January of 2012, alleging an inability to work since November 3, 2008, due to ADHD, Celiac disease, depression, paranoia, and hearing voices at night. (Tr. 119-133, 176, 180).  An administrative hearing was held on February 13, 2013, at which Plaintiff appeared with counsel and testified. (Tr. 27-48).

By written decision dated March 20, 2013, the ALJ found that during the relevant time period, Plaitniff had an impairment or combination of impairments that were severe –

arthralgias; major depressive disorder; generalized anxiety disorder; and attention deficit hyperactivity disorder (ADHD). (Tr. 14). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 14). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) and 416.967(c) except work limited to simple, routine, and repetitive tasks, involving only simple, work-related decisions, with few, if any, workplace changes, and no more than incidental contact with co-workers, supervisors and the general public.

(Tr. 16). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff would be unable to perform her past relevant work, but that there were other jobs Plaintiff would be able to perform, such as dishwasher, warehouse laborer, and machine packager. (Tr. 19, 21).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on July 1, 2014. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 8, 10).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her RFC.  See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

### III.    Discussion:

Plaintiff raises the following issues in this matter:   1)   Whether the ALJ erred in failing to consider all of Plaintiff's impairments in combination; 2) Whether the ALJ erred in his credibility analysis; 3) Whether the ALJ erred in his RFC determination; and 4)  Whether the ALJ erred in failing to fully and fairly develop the medical record. (Doc. 8).

#### A.  Consideration of Impairments in Combination:

In his decision, the ALJ set forth the fact that at step two, he must determine whether Plaintiff had "a medically determinable impairment that is 'severe' or a combination of impairments that is 'severe.'"  (Tr. 12).  He also stated that an impairment or combination of impairments is "not severe" when medical and other evidence established only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work.  (Tr. 12).  The ALJ stated that at step three, he must determine whether the Plaintiff's "impairment or combination of impairments"

4

meets or medically equals the criteria of an impairment listed in the relevant listings. (Tr. 12). The ALJ concluded that Plaintiff did not have an impairment "or combination of impairments" that met or medically equaled the severity of one of the listed impairments. (Tr. 14). This language demonstrates that the ALJ considered the combined effect of Plaintiff's impairments. See Martise v. Astrue, 641 F.3d 909, 924 (8th Cir. 2011); Raney v. Barnhart, 396 F.3d 1007, 1011 (8th Cir. 2005).

### B. Credibility Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

Plaintiff argues that the ALJ neglected to properly address her subjective complaints of pain and that he offered no explanation for why he found her testimony not to be credible. The Court disagrees. In his decision, the ALJ offered several explanations as to why the record did not entirely support Plaintiff's allegations with respect to her impairments. He noted: Plaintiff's inconsistent statements as to when she quit smoking marijuana; Plaintiff's report that she did not like being around people but worked at a help desk where she spoke to

people by phone; and Plaintiff's inconsistent statements regarding the grades she received in college. (Tr. 18). The ALJ also discussed Plaintiff's activities of daily living, noting that during the relevant time period, Plaintiff reported she went to school, worked, took care of her dogs, took care of her own personal care, prepared meals, did laundry, dusted, drove a car, painted, watched television, and shopped for food by computer. (Tr. 17). The ALJ also discussed Plaintiff's medications. (Tr. 17).

Based upon the foregoing, the Court finds there is substantial evidence to support the ALJ's credibility findings.

### C. RFC Determination:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id. "The ALJ is permitted to base its RFC determination on 'a non-examining physician's opinion *and* other medical evidence in the record.'" Barrows v. Colvin, No. C 13-4087-

MWB, 2015 WL 1510159 at *15 (quoting from Willms v. Colvin, Civil No. 12-2871, 2013 WL 6230346 (D. Minn. Dec. 2, 2013).

Plaintiff argues that she is unable to perform a limited range of medium work, and that the ALJ reached his RFC determination without obtaining a Physical RFC Assessment or a general physical examination to support his conclusion.

The ALJ carefully addressed the medical evidence of record, and concluded that the objective findings failed to provide strong support for Plaintiff's allegations of disabling symptoms and limitations. (Tr. 17).  He pointed out that Plaintiff had been diagnosed with arthralgias, with complaints of occasional joint pain that had been treated with medication, and that on examination in April 2012, Plaintiff had a grossly normal range of motion of the extremities with no edema. (Tr. 17, 360).  She was prescribed Naprosyn Tablets for her arthralgias. (Tr. 361).  She also continued to smoke at that time and was supposed to contact the smoke cessation program. (Tr. 361). When Plaintiff was seen at the Community Clinic on May 14, 2012, it was reported that Plaintiff was starting to walk her dogs three days a week, and it was recommended that she exercise three to four days a week for thirty minutes or more at the minimum. (Tr. 358).

On March 7, 2012, non-examining physician, Dr. James Wellons, completed a Case Analysis, where he concluded that the available records did not reveal a severe residual somatic impairment. (Tr. 309).  This finding was affirmed on June 18, 2012, by non-examining physician, Dr. Karmen Hopkins. (Tr. 378).  In his decision, the ALJ gave this opinion little weight, "because the medical evidence of record supports a finding that the claimant's arthralgias is [sic] a severe medically determinable impairment."  (Tr. 19).

7

However, the ALJ found that Plaintiff's credibility was weakened by the objective medical evidence, and that although Plaintiff did experience some levels of pain and limitations, such was only to the extent described in his RFC. (Tr. 19).

With respect to Plaintiff's mental impairments, the ALJ discussed the findings of Dr. Terry Efird, who examined Plaintiff on March 26, 2012. (Tr. 311-315).  Dr. Efird diagnosed Plaintiff as follows:

| | |
|---|---|
| Axis I: | Major depressive disorder moderate to severe; generalized anxiety disorder; ADHD NOS |
| Axis II: | Deferred |
| Axis V: | 45-55 |

(Tr. 314).  Although Dr. Efird found Plaintiff would have a marked difficulty with immediate auditory attention span, which would impair cognitive efficiency as well, he found Plaintiff had the capacity to perform basic cognitive tasks required for basic work like activities. (Tr. 314).  Dr. Efird also noted that there were no remarkable problems with persistence during the evaluation. (Tr. 315).  The Court believes the RFC limitation for unskilled work takes into consideration Plaintiff's mental impairments.

A Psychiatric Review Technique Report was completed by Christal Janssen, Ph.D., on March 30, 2012. (T.r 319-329).  Dr. Janssen found Plaintiff had mild degree of limitation in activities of daily living and a moderate degree of limitation in maintaining social functioning and maintaining concentration, persistence, or pace, and had no episodes of decompensation, each of extended duration. (Tr. 329).  Dr. Janssen also found that despite her mood symptoms, Plaintiff's activities of daily living and objective evidence did not support marked impairments, and her unskilled rating was affirmed. (Tr. 334).

8

On December 26, 2012, Dana Ilie-Stout, LCSW, of Ozark Guidance Center, completed a Mental RFC. (Tr. 454-457). Ms. Stout found Plaintiff had several mental limitations in her ability to function in the workplace. The ALJ gave Ms. Stout's opinion little weight, "as it is generally more restrictive than what is supported by the medical evidence of record and the findings of the consultative examiner." (Tr. 19). The Court also notes that the little weight given to Ms. Stout's opinion is supported by the fact that she is not an acceptable medical source. See 20 C.F.R. §§ 404.1513(d)(1), 404.1527(a)(2), 416.913(d)(1), and 416.927(a)(2).

The Court is of the opinion that the ALJ properly considered the medical records, her inconsistent statements, and her daily activities, and based upon the record as a whole, the Court finds there is substantial evidence to support the ALJ's RFC determination, and the weight he gave all of the opinions.

### D. Failure to Fully and Fairly Develop the Record:

The ALJ has a duty to fully and fairly develop the record. See Frankl v. Shalala, 47 F.3d 935, 938 (8th Cir. 1995); Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir. 2000). This is particularly true when Plaintiff is not represented by counsel. Payton v. Shalala, 25 FG.3d 684, 686 (8th Cir. 1994). This can be done by re-contacting medical sources and by ordering additional consultative examinations, if necessary. See 20 C.F.R. § 404.1512. The ALJ's duty to fully and fairly develop the record is independent of Plaintiff's burden to press her case. Vossen v. Astrue, 612 F.3d 1011, 1016 (8th Cir. 2010). However, the ALJ is not required to function as Plaintiff's substitute counsel, but only to develop a reasonably complete record. See Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995)("reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial").

"The regulations do not require the Secretary or the ALJ to order a consultative evaluation of every alleged impairment. They simply grant the ALJ the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination." Matthews v. Bowen, 879 F.2d 423, 424 (8th Cir. 1989). "There is no bright line rule indicating when the Commissioner has or has not adequately developed the record; rather, such an assessment is made on a case-by-case basis." Mans v. Colvin, No. 13-CV-2103, 2014 WL 3689797 at *4 (W.D. Ark., July 24, 2014)(quoting Battles v. Shalala, 36 F.3d 43, 45 (8th Cir. 1994).

Plaintiff argues that the ALJ should have obtained a Physical RFC Assessment or a general physical examination. The record reveals that in 2009, Plaintiff lost her job at a bank for being "too disruptive" after working there for nine years. (Tr. 297). In 2009, Plaintiff performed caregiver services for an elderly couple and also cleaned up from an ice storm by hauling brush. (Tr. 298). In 2011, Plaintiff attended school and received an associates degree in graphic design. (Tr. 305). On October 10, 2011, x-rays of Plaintiff's chest and abdomen were negative. (Tr. 277-278). A right upper quadrant ultrasound was negative. (Tr. 279). A CT of Plaintiff's abdomen was normal with the exception of a small amount of fluid around the liver, and tiny lesions in the liver were felt to represent small cyst or hemangiomas. (Tr. 280). A CT of Plaintiff's pelvis revealed a thickened edematous appearance of the terminal ileum was present with a small amount of adjacent free fluid, and was consistent with inflammatory bowel disease likely regional enteritis. (Tr. 280).

Plaintiff began working part-time at a student help desk in 2011 and continued to work there through the date of the ALJ's decision. (Tr. 181). Plaintiff was seen on February 27, 2012, by an APN at Community Clinic for a routine gynecological exam. (Tr. 362). She

was seen by another APN at the Communicty Clinic on April 3, 2012, and was diagnosed as follows:

1) Celiac disease
2) Tobacco Use Disorder
3) Arthralgias
4) Dental Disease NOS
5) Hyperlipidemia

(Tr. 360). No restrictions were placed on Plaintiff by the medical care providers. As stated earlier, on May 14, 2012, Plaintiff was seen at Community Clinic for dietary counseling and reported walking her dogs three days a week. (Tr. 358). She was also encouraged to exercise three to four days a week for 30 minutes or more at the minimum. (Tr. 358). "In the absence of other evidence in the record, a physician's unrestricted recommendations to increase physical exercise are inconsistent with a claim of physical limitations." Myers v. Colvin, 721 F.3d 521, 526 (8th Cir. 2013).

Based upon the record as a whole, the Court finds the record was sufficiently developed for the ALJ to make a physical RFC determination.

**IV.   Conclusion:**

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 15th day of July, 2015.

*/s/ Erin L. Setser*
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE